UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
TAHA ELBASIR, et al.,                     )
                                          )
       Plaintiffs,                        )
                                          )
    v.                                      )   Civil Action No. 04-1706 (PLF)
                                          )
KINGDOM OF SAUDI ARABIA,                  )
                                          )
       Defendant.                         )
_____)

MEMORANDUM OPINION

        This matter is before the Court on defendant's renewed motion to dismiss for lack of subject matter and personal jurisdiction. Upon careful consideration of the motion, the opposition and the reply, the Court grants the motion to dismiss and dismisses this case from the docket of this Court.

        On January 4, 2007, the Court denied without prejudice an earlier motion to dismiss filed by defendant. In its Opinion, the Court held that any assistance promised or provided to plaintiff as a part of a Saudi Arabian health or welfare program does not fall within the commercial activity exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(2). See Elbasir v. Kingdom of Saudi Arabia, 468 F. Supp. 2d 155 (D.D.C. 2007) (citing Jungquist v. Sheikh Sultan Bin Khalifa Al Nayhan, 115 F.3d 1020, 1030 (D.C. Cir. 1997) (commercial activity exception does not encompass the "administrat[ion] of a government program to provide for the health and welfare of [a sovereign's] citizens and residents")). The Court noted that there were three separate agreements between the plaintiffs and the defendant,

all three of which involve promises to assist plaintiff Elbasir and his family.  See Elbasir v. Kingdom of Saudi Arabia, 468 F. Supp. 2d at 162.  One of the agreements was not at issue.  See id. at 162 n.2.  As to the other two, the Court found that there was insufficient information before the Court to make a determination with respect to the commercial activity exception to the Foreign Sovereign Immunities Act.  See id. at 162-64.  That is why the Court denied the motion without prejudice and invited defendant to file a renewed motion addressing this issue if defendant believed there was evidence it could provide to support dismissal.

Defendant has filed a renewed motion to dismiss and has accompanied it with a supplemental declaration of Dr. Mohammed A. Al-Sekait.  Dr. Al-Sekait includes the following statements in his supplemental declaration.

> 4.    For certain patients whose applications for assistance were approved, the Center funded the costs associated with travel to the United States for treatment, and expenses incurred in the United States related to such care for three months, including a monthly allowance.  The monthly allowance was paid to the patient unless he was unable to take care of himself, in which case it was paid to the guardian or escort.  The Center funded these costs for three months and renewed for another three months if the Center determined the patient's care was necessary in the United States.
>
> 5.    The Center recognized that frequently when a patient is sent to the United States, some of the family would want or need to travel with the patient as well.  In these cases, the Center, as part of the same program which funded the patient's travel and living expenses, also funded costs associated with the family's travel (plane ticket).
>
> 6.    While serving as Director of the Embassy's Medical Supervision Division, I have overseen the provision of medical care and associated costs to patients who traveled from Saudi Arabia to receive medical care in the United States.  That included the aid that was provided to Mr. Taha Elbasir.  *Any aid that was promised or provided to Mr. Elbasir's wife and their minor*

> *children during that time was under the Center's auspices and as part of the same official program that funded Mr. Elbasir's treatment and expenses.*

Renewed Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction Ex. 1, Supplemental Declaration of Mohammed A. Al-Sekait (emphasis added). The sum and substance of these averments are that any promises Dr. Al-Sekait made to Mr. Elbasir's family to provide assistance were pursuant to and under the auspices of an official government program for the provision of medical services.

Plaintiffs in their opposition do not contradict Dr. Al-Sekait's statements that any promises he made were in conjunction with an official medical care program. Furthermore, they concede that when he made any such promises he was "at the time acting in his capacity as an agent of the Saudi Arabia government, and [as] the individual who is responsible for all patients brought to the United States for treatment by the Saudi Arabian government." Plaintiffs' Opposition at 1. In view of the supplemental declaration of Dr. Al-Sekait and the arguments of counsel, the Court finds that none of the plaintiffs' claims falls within the commercial activity exception to the Foreign Sovereign Immunities Act and that the Court therefore lacks subject matter jurisdiction over this case. Accordingly, the case will be dismissed from the docket of this Court. A separate Order consistent with this Memorandum Opinion will issue this same day.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 27, 2007